IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWNEE SURVEY & CONSULTING, INC., | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 20-CV-308-SMY ) |
| MICHAEL GARDNER, DANA GARDNER, JASON GOINS, HERB SIMMONS, and SITEWORX SURVEY & DESIGN, LLC. | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, *Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendants Siteworx Survey & Design, LLC. ("Siteworx"), Jason Goins, and Herb Simmons insufficiently pleaded diversity jurisdiction. Accordingly, this case is **REMANDED** to the Circuit Court of Johnson County, Illinois.

Plaintiff Shawnee Survey & Consulting, Inc. ("Shawnee") alleges that Defendants Michael and Dana Gardner converted intellectual property ("a plat and information") for the benefit of Siteworx, whose members are Goins and Simmons (Doc. 1-2). The lawsuit was originally filed in the Circuit Court of Johnson County, Illinois. Siteworx, Goins, and Simmons, with the consent of the remaining defendants, removed the case to this Court, alleging federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction depends on the amount in controversy when the federal suit began. *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006). The burden of establishing federal jurisdiction falls on the party seeking removal, and must be premised on "what the plaintiff hopes to get out of the litigation." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands."). The removal statute is construed narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). *Id*.

The amount in controversy stated in the plaintiff's Complaint generally controls, unless it is legally impossible. *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir. 2006). If the Complaint does not establish the amount in controversy, the party invoking federal jurisdiction can establish the amount through other evidence. *Meridian*, 441 F.3d at 541-42; *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997). Here, Plaintiff's First Amended Complaint requests "monetary damages of any amounts gained by Defendant," punitive damages, costs, and injunctive relief (Doc. 1-2). In its Petition for Removal, Defendant Siteworx states that the "the complaint appears to place into controversy an amount exceeding the minimum jurisdictional requirement." However, Siteworx provides no evidence to establish the amount in controversy.

Defendants have not provided the Court with any competent evidence indicating that the amount in controversy actually exceeds $75,000 and have thus failed to meet their burden. Accordingly, this Court does not have proper subject matter jurisdiction over this matter and is obligated pursuant to 28 U.S.C. § 1447(c) to **REMAND** the case to the Circuit Court of Johnson County, Illinois.

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

**STACI M. YANDLE**
**United States District Judge**